**ROLNICK KRAMER SADIGHI LLP**
Lawrence M. Rolnick (*pro hac vice*)
Marc B. Kramer (*pro hac vice*)
Steven M. Hecht (*pro hac vice*)
Michael J. Hampson (*pro hac vice*)
One Pennsylvania Plaza, Suite 3401
New York, New York 10119
(212) 597-2800
lrolnick@rksllp.com
mkramer@rksllp.com
shecht@rksllp.com
mhampson@rksllp.com

**DUCKOR METZGER & WYNNE,**
A Professional Law Corporation
Scott L. Metzger (Bar No. 089718)
John C. Wynne (Bar No. 083041)
101 West Broadway, Suite 1700
San Diego, California 92101
(619) 209-3000; (619) 209-3043 fax
metzger@dmwplc.com
wynne@dmwplc.com

*Attorneys for Plaintiffs HBK Master Fund L.P. and HBK Merger Strategies Master Fund L.P.*

**MORRISON & FOERSTER LLP**
Jordan Eth (SBN 121617)
Christin Hill (SBN 247522)
Hanna M. Lauritzen (SBN 339895)
425 Market Street
San Francisco, California 94105
Tel: 415.268.7000
JEth@mofo.com
CHill@mofo.com
HLauritzen@mofo.com

*Attorneys for Defendants MaxLinear, Inc., Kishore Seendripu, and Steven Litchfield*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

HBK MASTER FUND L.P. and HBK MERGER STRATEGIES MASTER FUND L.P.

Plaintiffs,

v.

MAXLINEAR, INC., KISHORE SEENDRIPU and STEVEN LITCHFIELD,

Defendants.

Case No. 3:24-cv-01033-CAB-VET

**JOINT DISCOVERY PLAN**

Plaintiffs HBK Master Fund L.P. and HBK Master Merger Strategies Master Fund L.P. ("Plaintiffs") and Defendants MaxLinear, Inc., Kishore Seendripu, and Steven Litchfield ("Defendants" and together with Plaintiffs, the "Parties") hereby submit this Joint Discovery Plan pursuant to Federal Rule of Civil Procedure 26(f)(3) and the Court's November 7, 2025 Notice and Order Setting Early Neutral Evaluation Conference and Case Management Conference.

1. No parties remain to be served.

2. The Fed. R. Civ. P. 26(f) conference was held January 8, 2026 by videoconference. Attending for Plaintiffs were Steven Hecht, Frank Catalina, and Melissa Perez of Rolnick Kramer Sadighi LLP. Attending for Defendants were Christin Hill and Cullen Conboy of Morrison & Foerster LLP.

3. The Parties have exchanged initial disclosures pursuant to Fed. R. Civ. P. 26(a) on January 22, 2026.

4. A related class action was pending in this Court under the name *Water Island Event-Driven Fund v. MaxLinear, Inc., et al.*, Case No. 3:23-cv-01607-CAB-VET. That case was dismissed by order of this Court, and the dismissal is currently on appeal in the United States Court of Appeals for the Ninth Circuit under the name *Westchester Funds, et al. v. MaxLinear, Inc., et al.*, No. 25-5146. Additionally, a related derivative action is pending before this Court under the name *Steffens, v. Seendripu et al.*, 25-cv-00324-CAB-VET. That case was stayed by an order of this Court pending the outcome of the related actions.

5. No amendments to the pleadings are anticipated at this time. The Parties reserve all rights regarding amendments to the pleadings.

6. The Parties propose the following discovery plan:

a. Without limitation as to the scope of appropriate topics for discovery, and fully reserving their rights to pursue discovery on topics not listed below, and/or to challenge the relevance of discovery on topics listed below, and/or to object to discovery to the full extent allowed by the Federal Rules of Civil

Procedure and Local Rules of this Court, the Parties state that discovery may be needed on at least the following subjects:

i. Defendants' intent to consummate the proposed merger (the "Merger") with Silicon Motion Technology Corporation ("Silicon Motion");

ii. The timing of Defendants' decision to terminate the Merger;

iii. The reason(s) for Defendants' decision to terminate the Merger;

iv. The timing of Defendants becoming aware of the facts underlying the decision to terminate the Merger;

v. Changes in MaxLinear's business performance and the potential relationship of those changes to Defendants' intent to consummate the Merger;

vi. Any relationship between macroeconomic changes and Defendants' intention with respect to consummating the Merger;

vii. The factual bases for statements contained in MaxLinear's July 26, 2023 press release. (*See* ECF 34 ¶ 98.)

viii. Plaintiffs' trades of Silicon Motion American Depository Shares ("ADS");

ix. Plaintiffs' alleged reliance upon the June 28, 2023 Form 8-K filed by MaxLinear with the Securities and Exchange Commission.

x. Plaintiffs' alleged damages;

xi. Expert opinions regarding the alleged violation of Section 18 of the Securities Exchange Act of 1934; and

xii. Defendants' affirmative defenses.

b. The Parties anticipate that certain as-yet unidentified individuals with knowledge of relevant facts, and the subject matter of that knowledge, will be identified in discovery, and in particular following the review of documents produced in this action. Without limitation to the depositions that may be sought by a Party, and fully reserving their rights to seek depositions of individuals not listed below and/or to object to the taking of any depositions in accordance with the Federal Rules of Civil Procedure, the Parties anticipate seeking the depositions of the following individuals:

i. Kishore Seendripu – Seendripu is a Defendant in this action and Chairman and CEO of MaxLinear with knowledge of the Merger and Defendants' actions and intent relating to the Merger.

ii. Steve Litchfield – Litchfield is a Defendant in this action and CFO of MaxLinear with knowledge of the Merger and Defendants' actions and intent relating to the Merger.

iii. Leslie Green – Green is an investor relations contractor at MaxLinear and has knowledge of MaxLinear's disclosures and communications regarding the Merger.

iv. Connie Kwong – Kwong is Corporate Controller & Principal Accounting Officer at MaxLinear and has knowledge of the Merger and Defendants' actions relating to the Merger.

v. Certain MaxLinear board members – MaxLinear's board of directors made the determination to enter into, and terminate, the Merger, and monitored ongoing developments while the Merger was pending. Certain board members will be identified in discovery who have knowledge relevant to the facts at issue in this action.

vi. Certain third parties – Plaintiffs anticipate certain third parties, including possibly MaxLinear's advisors with respect to the Merger and knowledgeable Silicon Motion witnesses, will have relevant information regarding Defendants' actions and intent regarding the Merger and MaxLinear's communications with Silicon Motion.

vii. Certain HBK employees, affiliates and advisors – Defendants anticipate that certain HBK employees, affiliates, and advisors will have relevant information regarding HBK's actions and knowledge regarding MaxLinear, the Merger, and HBK's investment in Silicon Motion.

c. Neither Party anticipates a Rule 35 examination.

d. The Parties are negotiating an ESI protocol governing the collection and production of ESI and anticipate providing one to the Court on stipulation for entry by February 5, 2026. The Parties reviewed and discussed the matters in the Court's Rule 26(f) Conference checklist during the January 8, 2026 Rule 26(f) Conference.

e. The Parties are negotiating a protective order and will submit it to the Court for entry by February 5, 2026.

f. The Parties do not anticipate seeking any changes to the limitations on discovery imposed under the discovery rules at this time. The Parties reserve their rights to seek such changes during the course of this action as discovery has not commenced and it is uncertain whether either Party will require discovery beyond the limitations imposed by the discovery rules at this time.

g. Subject to the grant of a protective order, and without waiving the right to object to discovery to the full extent allowed by the Federal Rules of Civil

Procedure and Local Rules of this Court, the Parties do not anticipate objecting to the scope of anticipated discovery.

7. The Parties do not anticipate at this time that discovery should proceed in phases, nor that doing so will assist with early resolution of the action.

8. Defendants moved to dismiss Plaintiffs' complaint in this action and, by order dated January 2, 2025 (Dkt. No. 33), the Court granted the motion with leave to amend. Following amendment, Defendants moved to dismiss Plaintiffs' amended complaint and, by order dated September 17, 2025 (Dkt. No. 43), the Court granted in part and denied in part the motion to dismiss. It is unclear prior to discovery whether either Party will file additional motions, including summary judgment motions.

9. The Parties will provide privilege logs logging each document withheld from production pursuant to a claim of privilege.

10. This action is not a class action.

11. This action will be tried to a jury. The Plaintiffs anticipate trial in this action to last approximately two to three weeks. Defendants are not in a position at this stage to estimate the length of any trial.

12. The Parties confirm that all attorneys identified in the Parties' pleadings have reviewed Local Rule 2.1 and agree to abide by the Court's Code of Conduct.

13. The Parties do not anticipate at this time any items that may facilitate the just, speedy, and inexpensive disposition of the action.

14. The Parties propose the following case schedule:

a. Motions to amend pleadings and/or add parties no later than August 28, 2025;

b. Completion of fact discovery – September 30, 2026;

c. Designation of affirmative expert witnesses – September 30, 2026;

d. Service of affirmative expert reports – November 13, 2026;

e. Designation of rebuttal experts – December 2, 2026;

f. Service of rebuttal expert reports – December 18, 2026;

g. Completion of expert discovery – January 29, 2027;

h. Filing of dispositive motions – February 12, 2027;

i. Settlement conference – April 12, 2027;

j. Pretrial conference – April 26, 2027.

Dated: January 22, 2026

Respectfully Submitted,

**MORRISON & FOERSTER LLP**
Jordan Eth (SBN 121617)
Christin Hill (SBN 247522)
Hanna M. Lauritzen (SBN 339895)
425 Market Street
San Francisco, California 94105
Tel: 415.268.7000
JEth@mofo.com
CHill@mofo.com
HLauritzen@mofo.com

By: /s/ Christin Hill

*Attorneys for Defendants MaxLinear, Inc., Kishore Seendripu, and Steven Litchfield*

**ROLNICK KRAMER SADIGHI LLP**
Lawrence M. Rolnick
Marc B. Kramer
Steven M. Hecht
Michael J. Hampson

**DUCKOR METZGER & WYNNE,**
A Professional Law Corporation
Scott L. Metzger
John C. Wynne

By: /s/ Lawrence M. Rolnick

*Attorneys for Plaintiffs HBK Master Fund L.P. and HBK Merger Strategies Master Fund L.P.*