**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

HBK MASTER FUND L.P. and HBK MERGER STRATEGIES MASTER FUND L.P.,

Plaintiffs,

v.

MAXLINEAR, INC., KISHORE SEENDRIPU, and STEVEN LITCHFIELD,

Defendants.

Case No.: 3:24-cv-01033- CAB-VET

**ORDER GRANTING IN PART JOINT MOTION FOR CONTINUANCE OF SCHEDULING ORDER DEADLINES AND ISSUING AMENDED SCHEDULING ORDER**

**[ECF No. 63]**

Before the Court is the parties' Joint Motion for Continuance of Scheduling Order Deadlines ("Joint Motion"). ECF No. 63. Therein, the parties move to continue all case deadlines prior to the Pretrial Motions cutoff by approximately two months. *Id.* at 2–3. Based on a review of the Joint Motion and the record, and for the reasons described below, the Court **GRANTS IN PART** the Joint Motion but cautions the parties that **no further extensions shall be granted absent extraordinary circumstances.**

## I. LEGAL STANDARD

In determining whether to modify a scheduling order, the Court considers the "good cause" standard set forth in Federal Rule of Civil Procedure 16(b)(4). Fed. R. Civ. P.

16(b)(4). Pursuant to Rule 16(b)(4), a "schedule may be modified *only* for good cause and with the judge's consent." *Id.* (emphasis added); *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) ("the pretrial scheduling order can only be modified upon a showing of good cause"). Rule 16(b)(4)'s "good cause" standard "primarily considers the diligence of the party seeking the amendment." *Learjet, Inc. v. Oneok, Inc. (In re W. States Wholesale Natural Gas Antitrust Litig.)*, 715 F.3d 716, 737 (9th Cir. 2013). "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992); *see also Zivkovic*, 302 F.3d at 1087. The focus of the inquiry is upon the moving party's reasons for seeking modification. *Id.*; *Adrian v. OneWest Bank*, *FSB*, 686 F. App'x 403, 405 (9th Cir. 2017) (applied to joint motions); *Neidermeyer v. Caldwell*, 718 F. App'x 485, 489 (9th Cir. 2017) (moving party did not show good cause when he "offered no explanation for his undue delay").

The required showing of diligence is measured by conduct displayed throughout the period of time already allowed. *See, e.g.*, *Muniz v. United Parcel Serv.*, *Inc.*, 731 F. Supp. 2d 961, 967 (N.D. Cal. 2010); *Krohne Fund, LP v. Simonsen*, 681 F. App'x 635, 638 (9th Cir. 2017); *Lyles v. Dollar Rent a Car, Inc.*, 849 F. App'x 659, 661 (9th Cir. 2021). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609. "If [the moving] party was not diligent, the inquiry should end." *Id.*; *Branch Banking & Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751, 764 (9th Cir. 2017) (same).

Civil Local Rule 16.1(b) also requires that all counsel "proceed with diligence to take all steps necessary to bring an action to readiness for trial." CivLR 16.1(b). Similarly, this Court's Civil Chambers Rules require that any motion to continue a scheduling order deadline include a showing of good cause, supported by a "declaration from counsel that details steps taken by the parties to meet current deadlines and reasons why the parties can no longer meet those deadlines." J. Torres Civ. Chambers R. VI.D.

## II. DISCUSSION

The parties represent that they are unable to complete discovery by the current fact discovery deadline of August 31, 2026 despite their diligence in pursuing discovery. ECF No. 63 at 2. The parties have propounded and responded to written discovery and substantially completed their respective document productions. *Id.* The parties also intend to take approximately ten depositions each but indicate that "summer travel" will impede their ability to complete the depositions before the current fact discovery cutoff. *Id.* at 2–3.

To date, the pace of discovery has been unnecessarily slow. Discovery opened more than six months ago. *See* ECF No. 48 (Fed. R. Civ. P. 26(f) conference held on January 8, 2026). Nevertheless, the parties have not completed their document productions, meaning written discovery is not complete. ECF No. 63 at 2. The parties also intend to collectively notice *twenty* depositions, yet there is no representation that any depositions are scheduled or any plan is in place to ensure all those depositions can be timely noticed and completed. For instance, the parties do not specify whether the depositions consist of fact witness or Rule 30(b)(6) depositions, an important distinction as the latter frequently present scheduling challenges, require meet and confer discussions as to deposition topics, and may involve more than one witness. In other words, this number of depositions requires planning, and it does not appear any such planning has occurred. The parties also reference a need to complete "third party discovery," *see id.* at 2, but no information is provided regarding what third party discovery is outstanding or if any has occurred to date. Such discovery can also be time consuming to the extent it requires issuance of Rule 45 subpoenas. In short, it appears the parties have not been diligent in scheduling and completing discovery based on their anticipated discovery needs and do not have a plan moving forward.

Moreover, the Court is not persuaded that "summer travel" provides good cause for an extension. The Court issued the operative scheduling order on February 2, 2026, meaning the parties knew five months ago that fact discovery would close on August 31,

2026. And despite all the anticipated discovery, the parties seemingly did little to plan accordingly. The Court is also concerned as to how the requested extension impacts remaining deadlines. While the parties do not seek an extension of all remaining deadlines "at this time," it is difficult to see how the parties can complete expert discovery on January 29, 2027, as they propose, and then be prepared to file dispositive motions *and* Daubert motions three days later on February 1, 2027. Such a schedule seems unworkable.

In short, the Court is not persuaded that the parties have been diligent in pursuing fact discovery. Further, more than 30 days remain in the existing fact discovery period to conduct discovery. Accordingly, to accommodate the large number of anticipated depositions, the Court will grant a 45-day extension of the fact discovery deadline to ensure neither party is prejudiced. The Court will also adjust the expert discovery deadlines to ensure the parties can meet subsequent case deadlines, including the deadline to file pretrial motions, without the need for further extensions. However, the Court advises the parties that no further extensions will be granted absent extraordinary circumstances, and therefore the parties should promptly begin noticing and taking depositions.

Based on the foregoing reasons, the Court **GRANTS IN PART** the Joint Motion and **ISSUES** the following Amended Scheduling Order:

## III. AMENDED SCHEDULING ORDER

1. Counsel[1] shall refer to the Judge Bencivengo's Chambers Rules for Civil Cases, which is accessible via the Court's website at www.casd.uscourts.gov. For ease of reference, Judge Bencivengo's rules concerning the procedure for seeking permission to file documents under seal is attached hereto.

2. All fact discovery shall be completed by all parties by **October 14, 2026**. "Completed" means that all discovery under Fed. R. Civ. P. 30-36, and discovery

---

[1] As used herein, references to "counsel" include any party representing himself or herself.

subpoenas under Fed. R. Civ. P. 45, must be initiated a sufficient period of time in advance of the cut-off date, so that it may be completed by the cut-off date, taking into account the times for service, notice, and response as set forth in the Federal Rules of Civil Procedure. Counsel shall promptly and in good faith meet and confer regarding all discovery disputes in compliance with Local Rule 26.1(a). The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. If the parties reach an impasse on any discovery issue, counsel shall follow the procedures governing discovery disputes set forth in Judge Torres' Civil Chambers Rules. **A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the Court, no stipulation continuing or altering this requirement will be recognized by the Court.**

3. A Mandatory Settlement Conference ("MSC") shall be conducted by Zoom video conferencing on **October 15, 2026** at **9:30 a.m.** before Magistrate Judge Valerie E. Torres.[2]

a. The following are **mandatory** procedures to be followed in preparation for the MSC. Absent express permission from this Court, counsel must timely comply with the dates and deadlines herein. Questions regarding the MSC or the mandatory guidelines set forth herein may be directed to Judge Torres' Chambers at (619) 557-6384.

b. **Full Settlement Authority Required.** Pursuant to Local Rule 16.1.c.1, all parties, party representatives, including claims adjusters for insured parties, and the principal attorney(s) responsible for the litigation must participate in the MSC.[3] This appearance must be made with full and complete authority to negotiate and enter into a

---

[2] Counsel may request the MSC be converted to an in-person appearance through a joint call or email to Judge Torres' Chambers (efile_torres@casd.uscourts.gov). Counsel must meet and confer prior to making such a request.

[3] The attendance requirement includes parties that are indemnified by others. Any deviation from this Order requires prior Court approval.

binding settlement.[4] Counsel for a government entity is excused from this requirement if the government attorney who participates in the MSC (i) has primary responsibility for handling the case, and (ii) may negotiate settlement offers that the attorney is willing to recommend to the government official having ultimate settlement authority.

c. **Confidential Settlement Brief.** No later than seven (7) calendar days before the MSC, each party must lodge a Confidential Settlement Brief by email to efile_torres@casd.uscourts.gov. The Confidential Settlement Brief should not exceed ten (10) pages, excluding exhibits, and must be formatted according to the requirements of Local Rule 5.1(a). Parties attaching exhibits must attach only the relevant pages of multi-page exhibits and must highlight the relevant portions.

d. **Contents of Settlement Brief.** All Confidential Settlement Briefs shall include the content specified in the Court's Chambers Rules, available at https://www.casd.uscourts.gov/Judges/torres/docs/Civil%20Chambers%20Rules.pdf.

e. **Procedure for Zoom Videoconference.** No less than two (2) business days prior to the MSC, the Court will email counsel of record an invitation with the Zoom meeting information. Participants can join the Zoom video conference by following the ZoomGov Meeting hyperlink or using the meeting ID and password provided. Each participant should plan to join the Zoom video conference ***at least five (5) minutes before*** the start of the MSC. Counsel is responsible for ensuring their clients can participate in the

---

[4] Full authority to settle means that the individuals at the MSC are authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989). Party participants need to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485-486 (D. Ariz. 2003). One of the purposes of requiring a person with complete settlement authority to attend the conference is that the person's view of the case may be altered during the face-to-face conference. *Id.* at 486. Limited or sum certain authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595-597 (8th Cir. 2001).

MSC. All participants must display the same level of professionalism and attention during the MSC as if they were attending in person (*e.g.*, not be driving while speaking to the Court, or otherwise distracted).

4. The parties shall designate their respective experts in writing by **October 30, 2026**. The parties must identify any person who may be used at trial to present evidence pursuant to Fed. R. Evid. 702, 703 or 705. This requirement is not limited to retained experts. The parties shall designate rebuttal experts in writing by **November 30, 2026**. The written expert designations shall include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide, including any summary of facts and opinions required by Fed. R. Civ. P. 26(a)(2)(C). The designations shall also include the normal rates the expert charges for deposition and trial testimony.

5. By **October 30, 2026**, each party shall comply with the disclosure provisions in Fed. R. Civ. P. 26(a)(2)(A) and (B). This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve giving expert testimony. Except as provided in the paragraph below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial. In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P. 37(c).

6. Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Fed. R. Civ. P. 26(a)(2)(D) and 26(e) by **November 30, 2026**.

7. All expert discovery shall be completed by all parties by **December 30, 2026**. The parties shall comply with the same procedures set forth in the paragraph governing fact discovery.

8. All pre-trial motions, other than *Daubert* motions, motions to amend or join parties, or motions *in limine*, shall be filed on or before **February 1, 2027**. All *Daubert* motions shall be filed on or before **February 1, 2027**. Counsel for the moving party shall

set the motion date on the date that is 35 days from the date the motion is filed. Parties intending to file a motion shall *not* contact Judge Bencivengo's chambers for a hearing date. The parties should review Judge Bencivengo's chambers rules for civil cases for the additional requirements for noticed motions before Judge Bencivengo.

Pursuant to Local Rule 7.1.f.3.c, **if an opposing party fails to file opposition papers in the time and manner required by Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the Court.** Accordingly, all parties are ordered to abide by the terms of Local Rule 7.1.e.2 or otherwise face the prospect of any pretrial motion being granted as an unopposed motion pursuant to Local Rule 7.1.f.3.c.

9. In jury trial cases before the Honorable Cathy Ann Bencivengo, neither party is required to file Memoranda of Contentions of Fact and Law pursuant to Civil Local Rule 16.1.f.2. In bench trial cases before the Honorable Cathy Ann Bencivengo, Counsel shall file their Memoranda of Contentions of Fact and Law and take any other action required by Local Rule 16.1(f)(2) by **May 4, 2027**.

10. The parties must comply with the pre-trial disclosure requirements of Fed. R. Civ. P. 26(a)(3) no later than **May 4, 2027**. **Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.**

11. Counsel shall confer and take the action required by Local Rule 16.1(f)(4)(a) on or before **May 11, 2027**. The parties shall meet and confer and prepare a proposed pretrial order containing the following:

1. A joint neutral statement to be read to the jury, not in excess of one page, of the nature of the case and the claims and defenses.

2. A list of the causes of action to be tried, referenced to the Complaint [and Counterclaim if applicable]. For each cause of action, the order shall succinctly list the elements of the claim, damages and any defenses. A cause of action in the Complaint [and/or Counterclaim] which is not listed shall be

dismissed with prejudice.

3(a). A list of each witness counsel actually expect to call at trial with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.

3(b). A list of each expert witness counsel actually expect to call at trial with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.

3(c). A list of additional witnesses, including experts, counsel do not expect to call at this time but reserve the right to call at trial along with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.

4(a). A list of all exhibits that counsel actually expect to offer at trial with a one-sentence description of the exhibit. All exhibits are to be identified numerically, plaintiff starting with "1" and defendant beginning with an agreed upon numerical designation.

4(b). A list of all other exhibits that counsel do not expect to offer at this time but reserve the right to offer if necessary at trial with a one-sentence description of the exhibit.

5. A statement of all facts to which the parties stipulate. This statement shall be on a separate page and will be read to and provided to the jury.

6. A list of all deposition transcripts by page and line, or videotape depositions by section, that will be offered at trial.

7. Counsel will note any objections they have to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures.

The Court encourages the parties to consult with the assigned magistrate judge to work out any problems in preparation of the proposed pretrial order. The court will entertain any questions concerning the conduct of the trial at the pretrial conference.

12. Counsel for the Plaintiff(s) must provide opposing counsel with the proposed pretrial order for review and approval and take any other action required by Local Rule 16.1.f.6.a on or before **May 18, 2027**. Opposing counsel must communicate promptly with

plaintiff's counsel concerning any objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the order.

13. The Proposed Final Pretrial Conference Order, including objections to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures, shall be prepared, served, and lodged with the assigned district judge's chambers on or before **May 25, 2027**, and shall be in the form prescribed in and comply with Local Rule 16.1(f)(6).

14. The final Pretrial Conference is scheduled on the calendar of the **Honorable Cathy Ann Bencivengo** on **June 1, 2027** at **2:00 p.m.**.

15. The trial in this matter shall commence on Monday, **July 12, 2027** at **8:45 a.m.**

16. The parties must review the chambers' rules for the assigned district judge and magistrate judge.

17. A post-trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

18. The dates and times set forth herein will not be modified except for good cause shown.

19. Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of a district court judge. No reply memorandum shall exceed ten (10) pages without leave of a district court judge. Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

20. Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED.**
Dated: July 23, 2026

Honorable Valerie E. Torres
United States Magistrate Judge